## In re LOZITO.

### No. 316.

Circuit Court of Appeals, Second Circuit.

July 25, 1940.

Milton R. Goldman, of Long Island City, N. Y., for appellee.

Max H. Frankle, of New York City, for bankrupt-appellant.

Before SWAN, CHASE, and PATTERSON, Circuit Judges.

CHASE, Circuit Judge.

Anthony Lozito filed a voluntary petition in bankruptcy in the District Court for the Eastern District of New York on April 15, 1938. He was duly adjudicated a bankrupt and on July 11, 1938 filed his petition for a discharge. Henry Albert, a judgment creditor, filed specifications of objection to the petition for discharge. The only one seriously pressed and now important is that the bankrupt testified falsely in the proceedings in that he testified that he did not own an automobile repair business in Long Island City, N. Y., known as Astoria Auto Repairs under which name he had been there doing business.

The matter was referred to a referee who took testimony and reported to the effect that the bankrupt had not been the owner of the business but an employee of one Joseph Senegra who owned it and who was in parts unknown; and recommended that the application for a discharge be granted.

The district judge held, however, that the objecting creditor had established the specification of objection prima facie and remanded the matter to the referee in order to give the bankrupt an additional opportunity to show that he had not done

anything which was a statutory bar to his discharge. The referee, having taken further testimony on the question of Senegra's identity and ownership of the business, filed a report in which he set forth in general terms that several witnesses had testified without contradiction that they had done business with Joseph Senegra at the garage and that they had seen the bankrupt working there for Senegra; that the bankrupt had testified that he had made exhaustive and unsuccessful efforts to find Senegra; and that a so-called handwriting expert who had testified that the name of Joseph Senegra on a certificate filed in connection with the business of Astoria Auto Repairs had been written by the bankrupt was "of no assistance to the Referee". He declined to dismiss the specifications of objection since the order of remand was limited to the taking of proof. In substance his report indicated that the bankrupt's evidence that Senegra could not be found and was the owner of the business was credible and that the objecting creditor's evidence to the effect that the bankrupt was the owner was not to be given effect. He attached the exhibits to his report but no minutes of the testimony as none had been furnished. Thereupon the district judge made an order in which he said that he could not determine the correctness of the referee's report without the minutes and that unless the objecting creditor furnished them within ten days the report would be confirmed.

The minutes were then furnished to, and considered by, the judge who held that the objecting creditor had shown prima facie that the bankrupt had testified falsely concerning the existence of Senegra and his ownership of the business and that he had not carried the burden of showing his right to a discharge. The order denying the discharge was entered and this appeal followed.

■ Though the business in question had little value and what that may have been does not appear, it is plain that if the bankrupt did wilfully testify falsely in regard to it he so testified as to a material matter in the bankruptcy proceedings and committed an act which bars a discharge. His testimony was certainly deliberate and, if false, must have been wilfully so. Since that depends largely upon the credibility of witnesses it presents a most difficult subject for an appellate court to deal with where the referee and the district judge have reached opposite conclusions. The referee who had the advantage of hearing the witnesses testify had a better opportunity to exercise a sound judgment and his findings should be accepted by the district judge unless it appears that he has plainly made a mistake. In re Slocum, 2 Cir., 22 F.2d 282; In re Gordon & Gelberg, 2 Cir., 69 F.2d 81.

Nevertheless the responsibility in the end is that of the judge who should accord due weight to the referee's findings but must find the facts as the evidence shows them and apply the applicable law correctly. Matter of Michel, 2 Cir., 56 F.2d 15; In re Byrd Coal Co., 2 Cir., 83 F.2d 190; In re M. & M. Mfg. Co., Inc., 2 Cir., 71 F.2d 140.

■ It was shown that long before the bankruptcy petition was filed the bankrupt had had marital difficulties which might provide a motive for his attempting to appear as an employee and not the owner of the business. He was the lessee of the premises where it was carried on and most of the time paid the rent. The witness who testified that Senegra's name on the certificate was in his opinion in the bankrupt's handwriting was shown to have had enough training, though not a great reputation, in that subject to make the referee's waiving aside of his entire testimony rather arbitrary. There was no suggestion that he did not give his honest conclusion after adequate consideration and the district judge evidently thought it entitled to serious consideration. It is true that there was testimony that a man known as Senegra had formerly been about the garage and that three witnesses took him to be the proprietor but it is significant that so little could be shown about him if he had in fact been in business there as the bankrupt claimed he was. After the bankruptcy petition was filed the bankrupt continued the business in another location. All in all we are inclined to agree that the district judge had sufficient grounds for holding that the bankrupt did not carry the burden of overcoming the prima facie case made out by the objecting creditor and for denying the discharge.

Affirmed.