**In the Matter of Laurence SEMEL, Bankrupt, Appellant in No. 72-2058.**

**Appeal of FEDERAL SUPPLY COMPANY, Appellant in No. 72-2059.**

**Nos. 72-2058, 72-2059.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) May 22, 1973.

Decided June 27, 1973.

Laurence Semel, Lyndhurst, N. J., for Laurence Semel.

David M. Hoffman, Eckhaus, Guston & Hoffman, Wayne, N. J., for Federal Supply Co.

Before KALODNER, ALDISERT and ADAMS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

These appeals require us to review an order of the district court vacating an order of the referee in bankruptcy granting appellant Semel's discharge.

After the referee granted Semel's voluntary petition, Federal Supply Company filed seven specifications of objections to discharge. The referee dismissed all seven specifications. The district court, however, sustained specification number two, vacated the referee's order, and denied discharge. Federal Supply contends that the court erred in

affirming dismissal of specifications one, four and seven, and Semel claims that the court erred in sustaining specification number two.

We find no error in the court's ultimate disposition of this matter, and will affirm the judgment.

We do, however, wish to clarify the facts surrounding specification number two, which charges a violation of 18 U.S.C. § 152. Section 152 subjects to criminal liability anyone who "knowingly and fraudulently makes a false oath of account in or in relation to any bankruptcy proceeding." The Bankruptcy Act provides that a discharge will be denied whenever the court determines that the petitioner has violated section 152. *See* 11 U.S.C. § 32(c)(1). In sustaining this specification, the district court observed that in a "prior" bankruptcy proceeding, Semel avoided bankruptcy by testifying that his assets included over $250,000 in accounts receivable, and that he was in possession of records and books indicating that there existed some possibility of collection. Yet, in the present voluntary bankruptcy proceeding, Semel admitted that he never kept records of accounts receivable, that any amounts owed to him could be ascertained only by reviewing individual files, and that virtually all of these debts were uncollectible. Thus, in the instant proceeding, Semel's schedule of assets listed nothing under "debts due petitioner on open account," and under "unliquidated claims of every nature," reported "[p]ossible claims for professional services rendered, damages, possible fees on legal matters . . . costs and disbursements advanced for clients" with an estimated value of $100.00.

During cross-examination, Semel admitted that he "was in error" when he failed to list outstanding debts owed to him, and conceded that "if somebody undertook to check out these people now, institute suits, prosecute them, that money would be recovered." Soon thereafter, upon order of the referee, Semel submitted a lengthy list of these debts.

*See,* In re Semel, 427 F.2d 651, 654 (3d Cir. 1970). Thus, at the inception of the instant proceeding, Semel denied the existence of debts owed to him, whereas under cross-examination—in the same proceeding—he admitted that monies were owed him, that certain of these might prove collectible and furnished a list of these debts.

We agree with the district court that "Semel's palpable untruths cannot be overlooked," and recite the foregoing only to demonstrate that these untruths occurred in the present proceeding, and not a prior proceeding.

The order of the district court will be affirmed.