In re Judy Aileen NETHERLAND, Debtor.

DOMINION NATIONAL BANK, Plaintiff,

v.

Judy Aileen NETHERLAND, Defendant.

Bankruptcy No. 7–80–00946.
Adv. No. 7–80–0267.

United States Bankruptcy Court,
W. D. Virginia,
Abingdon Division.

Feb. 6, 1981.

Mark M. Lawson, Bristol, Va., for plaintiff.

Robert E. Wick, Jr., Bristol, Va., for defendant/debtor.

MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

This complaint seeks nondischargeability of the Plaintiff's debt incurred by the Defendant-Debtor by the use of a credit card.

The evidence appears as follows: on August 9, 1979, the Debtor applied for a credit card from the plaintiff pursuant to which a Visa card was issued on August 28, 1979; that upon issuance, the Bank fixed a credit limit of $500.00.

The Defendant testified that at the time the card was issued she had substantial financial obligations for medical bills and other expenses due to the illness of her mother; that she used the credit card for cash advances and other charges to pay off expenses and current living expenses. By the use of the card, the Debtor in slightly more than a month had incurred approximately $1,600.00. The Debtor was never advised of the $500.00 credit limitation and upon the Bank's sending the first statement of the account due, it appeared to the Bank that the limit had been exceeded and immediate demand was made for return of the card. This first statement shows a closing date of October 9, 1979 and is the first evidence of the $500.00 credit limit recited thereon. The Debtor immediately returned the Visa card as requested and no more charges were made. Thereafter, the Debtor made payments from time to time upon the account until the Debtor was compelled by financial circumstances to file her petition in this Court on August 25, 1980, approximately one year following the return of the card. There was no evidence that the Debtor attempted to or did charge to the account following notification to return the same to the Plaintiff. Certain references to the account ledger was made showing entries following the date the card was returned, however, these purchases could not have been made and were obviously delayed entries from charges previously made when the debtor possessed the card.

The statute under which Plaintiff seeks nondischargeability judgment is 11 U.S.C. § 523(a)(2) which reads as follows:

"(2) for obtaining money, property, services, or an extension, renewal, or refinancing of credit, by—

(a) false pretenses, a false representation, or actual fraud, . . ."

It is against the backdrop of the foregoing statute that the Court must apply the facts in this case. The foregoing quote from the *Bankruptcy Reform Act of 1978*[1] is different from the *Bankruptcy Act of 1898* § 17 (11 U.S.C. § 35) in that the Congress added the words "actual fraud". This would appear to reflect a Congressional intent that the quantum of proof relating to fraud requires something more than was required under § 17.

■ The burden of proof in this case as in other cases rests upon the Plaintiff to prove the essential allegations required to have its debt adjudged nondischargeable since the standard required in these cases is that evidence sufficient to prove fraud, which is never presumed, such evidence must be clear, cogent and convincing. Fraud can never be found on evidence that is vague, conjectural and unconvincing.

With reference to the proof of fraud in this jurisdiction, the Virginia Courts and authorities hold that the same must be proved by clear, cogent and convincing evidence.

In *Michie's Jurisprudence*, Section 55, *Fraud and Deceit*, the following appears:

"It is a rule of universal recognition that, except in particular cases, he who alleges

---

1. "Paragraph (2) provides that as under Bankruptcy Act § 17a(2), a debt for obtaining money, property, services, or a refinancing extension or renewal of credit by false pretenses, a false representation, or actual fraud, or by use of a statement in writing respecting the debtor's financial condition that is materially false, on which the creditor reasonably relied, and which the debtor made or published with intent to deceive, is excepted from discharge. This provision is modified only slightly from current section 17a(2). First, "actual fraud" is added as a ground for exception from discharge." Historical and Revision Notes to 11 U.S.C. § 523.

fraud must clearly and distinctly prove it, whether by circumstantial or direct evidence. The law does not presume fraud, but on the contrary the presumption is always in favor of innocence and not of guilt, and unless the allegations of fraud are proved, relief will be denied, although it may appear that the defendant has not been perfectly fair in his dealings. Not only is fraud not to be presumed, but it must be proved by evidence that is clear, cogent and convincing.

The charge of fraud is easily made, and the burden is upon the party alleging it to establish its existence, not by doubtful and inconclusive evidence, but clearly and conclusively."

Section 56 of the foregoing authority as to burden of proof, the following is stated:

"Where fraud is relied upon by the plaintiff in his bill or declaration, or by a defendant, the burden of proof is upon the one alleging it, and if it is not clearly and strictly proved as alleged, no relief will be granted. He who alleges fraud must prove it. Though there are certain well recognized indicia of fraud, nevertheless, so long as fraud does not appear from the whole evidence, the charge cannot be sustained. And where fraud is charged and denied, and the evidence as to the alleged false representations is conflicting, such false representations will not be considered as established unless they are clearly shown by a preponderance of the evidence."

In *Brown v. Buchanan, et al*, (E.D.Va. 1975) 419 F.Supp. 199, the Court reviewing the law applicable to these proceedings finds numerous authorities in support of the principal that evidence to support fraud must be clear, cogent and convincing and that fraud is never presumed, citing among the authorities *Oriel v. Russell*, 278 U.S. 358, 49 S.Ct. 173, 73 L.Ed. 419 and *Ames v. Moir*, 138 U.S. 306, 11 S.Ct. 311, 34 L.Ed. 951 in which the Court states:

"It is the settled doctrine of this court that 'fraud in the act of Congress defining the debts from which a bankrupt is not relieved by a discharge in bankruptcy means 'positive fraud, or fraud in fact involving moral turpitude or intentional wrong, as does embezzlement, and not implied fraud or fraud in law, which may exist without the imputation of bad faith or immorality'."

*Bankruptcy Rule 407* places the burden of proof in these cases upon the Plaintiff as hereinabove recited and it devolves upon this Court the duty of determining whether or not the evidence presented comports with the standard required by the above authorities. The same rule applies to 11 U.S.C. § 523.

█ This Court being the trier of the facts governed by the foregoing rules, must determine whether or not such facts as appear in this case are sufficient to sustain the allegation of fraud as required. This Court cannot find from the facts presented that the burden of the Plaintiff has been sustained.

We commence with the premise that the debtor had obtained without any misrepresentation a line of credit with the Bank for use of the credit card. No evidence was presented that the Debtor knowingly exceeded the limit or for that matter that any limit was placed upon the card. Immediately upon demand, when the Bank became concerned, the card was promptly returned. Thereafter for approximately a year, the Debtor made payments to the credit of the account. These facts do not support a contention of fraud as required to be proved by clear, cogent and convincing evidence.

Accordingly, it is

## ADJUDGED AND ORDERED

that the debt sued upon be, and the same is hereby adjudged discharged and the Complaint is accordingly dismissed.