In re Verlin SUMMEY, Debtor.

**NEWMAN OIL COMPANY, Plaintiff,**

v.

**Verlin SUMMEY, Defendant.**

Bankruptcy No. 3–82–00805.
Adv. No. 3–82–0672.

United States Bankruptcy Court,
E.D. Tennessee.

Dec. 23, 1982.

H. Allen Bray, Maryville, Tenn., for plaintiff.

William R. Brewer, Jr., Maryville, Tenn., for defendant.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

Alleging violations of §§ 727(a)(2)(A) and 727(a)(4)(A) of Title 11 of the United States Code,[1] plaintiff seeks denial of the debtor's discharge.

According to the plaintiff,[2] the debtor concealed from the trustee and the estate a 1945 Ford pickup truck, a 1963 Falcon automobile, a 1946 pickup truck, a stock car racing automobile, and some tools and parts formerly used by the debtor in an automobile repair business.

Schedule B–2 filed by the debtor on June 4, 1982, indicated that he owned two vehicles—a 1979 Ford encumbered by a lien in the amount of $5,663.76, with a market

---

1. "(a) The court shall grant the debtor a discharge, unless—

> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

> (4) the debtor knowingly and fraudulently, in or in connection with the case—
> (A) made a false oath or account;

2. The debtor owes the plaintiff some $6,800.00 resulting from the purchase of merchandise (oil, gas, et cetera) while he was operating a service station and automobile repair shop.

value of $2,200.00, and a 1965 Ford with a market value of $800.00. The debtor claimed personal property exemptions under T.C.A. § 26–2–102 of the value of $1,225.00.

On July 13, 1982, following the § 341 examination of the debtor on July 2, 1982, he filed a motion to amend Schedule B–2 by including a 1945 Ford pickup truck (inoperable) with a value of $1,500.00.

The debtor testified that he did not initially schedule any ownership rights in the pickup truck because in December 1980 he had given the truck to his sons. He did not execute a bill of sale, however, and upon learning at the hearing that the vehicle was still titled in his name, he caused the amended schedule to be filed.

The proof indicates that the 1963 Ford Falcon belongs to the debtor's adult daughter who lives with him. The debtor drives the vehicle at various times but has no ownership interest in the vehicle.

The proof also indicates that the 1946 pickup truck is not the property of the debtor but belongs to his sons. The vehicle is a "scrapped" vehicle and has value only for parts.

The proof also indicates that the tools and parts formerly used by the debtor at a filling station and repair shop were for the most part transferred in May 1980 to the debtor's successor in business. A welder and a few small tools were given to his sons, who, although young, work on junker automobiles.

The debtor at one time owned an interest in a stock car racing automobile by virtue of his supplying and furnishing the frame and motor. Two other individuals also had interests in the automobile by virtue of furnishing all other parts. The frame and engine were destroyed in a wreck which occurred more than a year before the debtor's bankruptcy petition was filed. Thereafter, he had no ownership interest in the vehicle.

The debtor is presently employed as a foreman at one of the University of Tennessee farms. In his statement of affairs he stated that he had not been engaged in business during the past six years. On July 13, 1982, he amended the statement of affairs to reflect that he had operated a gasoline service station from December 1978 through February 1980 known as Farrport 76, Alcoa Highway, Alcoa, Tennessee. In April and May 1980 he operated the car repair portion of the business in a vacant building known as the Ole Oaken Bucket, Highway 33, Rockford, Tennessee. The debtor's attorney stated that it was due to his inadvertence that the statement had not initially reflected the operation of the business. The court accepts this explanation and rejects plaintiff's contention that the debtor's failure to disclose the past operation of the business in the statement constitutes a "knowingly and fraudulently false oath." There simply was no reason to falsify the statement concerning a business which the debtor formerly operated. He profited nothing from the initial failure to disclose and, when this omission was called to his attention, he immediately moved to amend.

Nor did the debtor have any reason to conceal an ownership interest in the automobiles, even assuming that he had an interest. The debtor claimed only $3,075.00 in exempt property, in the amended schedule, including the value of the Ford truck which he initially failed to schedule. Even this figure leaves the debtor and his wife more than $4,000.00 short of exemptions which he could have claimed. See T.C.A. § 26–2–102. Again, there simply was no reason to conceal property.

"The false oath [necessary to sustain an objection to discharge] must have been knowingly and fraudulently made. That is, the statement must contain matter which the debtor knew to be false and he must have included them willfully with intent to defraud." Vol. 4, Collier on Bankruptcy, (1982) § 727.04. (Citations omitted)

Bankruptcy Rule 407 provides that, at the trial on a complaint objecting to discharge, the plaintiff has the burden of proving the facts essential to his objection. In the case

before this court the plaintiff has not carried that burden. The objections to discharge will be overruled. The discharge will be granted.

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 752.