**In re Joy Marie IRVING, Debtor.**

**Jerome H. FIELD, Plaintiff,**

**v.**

**Joy M. IRVING, Defendant.**

**Bankruptcy No. 181–10902–A256.**
**Adv. No. 181–0262.**

United States Bankruptcy Court,
E.D. New York.

March 7, 1983.

---

Jerome H. Field, pro se.

Lawrence A. Grossman, New York City, for debtor.

CONRAD B. DUBERSTEIN, Bankruptcy Judge.

Plaintiff commenced an adversary proceeding seeking to bar the debtor's discharge. For the reasons set forth below the relief requested to bar the discharge is denied and the discharge is granted.

Prior to the filing of the debtor's petition for relief under Chapter 7 of the Bankruptcy Code, plaintiff in this adversary proceeding, Jerome H. Field, had recovered a judgment against her for legal services he had rendered on her behalf. Subsequent to examining her at the § 341 meeting, he instituted adversary proceedings by filing a complaint which set forth several objections to the debtor's discharge. None of the acts complained of met the requirements of § 727 of the Bankruptcy Code which delineate the grounds of objections to a debtor's discharge. This court dismissed the complaint with leave to file an amended complaint to conform to the statutory requirements.

Plaintiff thereupon filed an amended complaint which is aimed at barring the debtor's discharge on the ground that she had failed to disclose, either in her schedules of assets and statement of affairs attached to the petition for relief, or during the course of her examination at her § 341 meeting, that she had maintained a bank account, that she owned an electric typewriter, that her apartment contains valued furnishings of over $7,500 in value, and that the father of her child made periodic payments to her for their support. The last item was apparently intended to reflect that she had more income than that which she indicated in that part of the Statement of Affairs relating to income.

The debtor interposed an answer to the complaint wherein she admitted that she had had an account with the bank but that it had been closed prior to the filing of the petition; she denied the remaining allegations of the complaint.

This court proceeded with a trial of the issues. The debtor testified that she did not refer to the bank account in her Statement of Affairs because it had been closed more than a year prior to the filing of the petition. At the court's request, it was furnished with a transcript of the § 341 meeting solely for the purpose of determining whether the debtor had been questioned

about the bank account during that examination. The transcript reveals that beside the Interim Trustee, Mr. Field also queried her as to the account and she testified that it had been closed more than a year prior to the filing of the petition.

She further testified at the trial that she never owned an electric typewriter, that the father of her child did not make periodic payments for the support of either her or her child, and that her apartment did not contain nor did she own valuable furnishings of over $7,500 in value.

Plaintiff produced as a witness a process server who testified that he had been employed by plaintiff to serve the debtor with process in the action he had instituted against her which resulted in the judgment in his favor for $1,750. The witness further testified and also swore to an affidavit annexed to the amended complaint in this action that during the course of the service of process upon the debtor, she informed him "that she had a large amount of valuable rugs, furniture, paintings and other objects in her home which she was very proud of, and easily worth in excess of $7,500", that she owned an electric typewriter and . that she had also told him about the income from the father of her child.

## DISCUSSION

■ Section 727(a)(4)(A) provides that a debtor may be denied a discharge if he knowingly and fraudulently made a false oath or account in or in connection with his case. This ground is also a bankruptcy crime as found in 18 U.S.C. § 152 which also provided a ground for the denial of a discharge in the pre-Code § 14(c)(1) of the Bankruptcy Act. Scienter and fraudulent, willful intent are necessary elements which must be proven by the objecting creditor. *Matter of Taub,* 98 F.2d 81 (2d Cir.1938); *In re Martinez,* 22 B.R. 419 (Bkrtcy.D.N.M. 1982). The statement must contain matters

which the debtor knew to be false. The debtor must have known that the statements were false and were made willfully with intent to defraud. *Tancer v. Wales,* 156 F.2d 672 (2d Cir.1946); *In re Steinberg,* 4 B.R. 593, 2 C.B.C.2d 421 (Bkrtcy.D.Mass. 1980). The false oath must have related to a material matter. *Matter of Lozito,* 113 F.2d 764 (2d Cir.1940); *In re Nazarian,* 18 B.R. 143 (Bkrtcy.D.Md.1982). A trivial matter which has but little effect upon the estate and the creditors is treated as immaterial. *In re Bergman,* 6 F.Supp. 898 (D.C. N.Y.1933); *In re Cohen,* 20 F.Supp. 298 (D.C.N.Y.1937); *Matter of Vogel,* 16 B.R. 546 (Bkrtcy.S.D.Fla.1981).

■ The false oath may consist of a false statement or omission in the debtor's schedules or statement of affairs [1] or false statement by the debtor at an examination during the proceedings. *In re Semel,* 479 F.2d 1269 (3d Cir.) *cert. denied,* 415 U.S. 931, 94 S.Ct. 1442, 39 L.Ed.2d 489; *Matter of New York Fluorescent Light Co., Inc.,* 44 F.Supp. 54 (E.D.N.Y.1942); *In re Greer,* 248 F. 131 (D.C.Ky.1918); *In re Cohen, supra.*

■ A concealment of assets may also be a bar to discharge. *Matter of Turner,* 185 F.Supp. 790 (M.D.N.C.1960); *Matter of Ramos,* 8 B.R. 490, 7 B.C.D. 458 (Bkrtcy.W. D.Wis.1981). Under § 727(a)(2)(A), the objecting creditor must establish that the act complained of was done within one year prior to the filing of the petition with intent to hinder, delay or defraud a creditor or an officer of the estate, that the act was that of transferring, removing, destroying or concealing any of the debtor's property or permitting any of those acts to be done. The observations hereinabove set forth relative to a false oath under § 727(a)(4)(A) applies with equal force to a concealment under § 727(a)(2)(A). Thus, a concealment of assets by a debtor is not enough to deny his discharge under § 727(a)(2)(A); there

1. Rule 108 of the Rules of Bankruptcy Procedure requires the debtor to file a statement of his affairs at the outset of his case in the manner prescribed by the Official Forms in Bankruptcy. Rule 109 requires that the statement be verified. Form No. 7 sets forth the questions relating to a debtor not engaged in business. Question number 4 calls for the debtor to set forth what bank accounts he maintained during the two years prior to the filing of his petition.

must be a showing of actual intent to hinder, delay or defraud creditors. *In re Rubin,* 12 B.R. 436 (Bkrtcy.S.D.N.Y.1981).

■ The objecting creditor has the burden of proving the facts essential to the objection under Bankruptcy Rule 407 which sets out the basic requirements governing the trial on a complaint objecting to a discharge. It requires strict pleading and proof providing for a preponderance of evidence that the oath was false and was knowingly and fraudulently made so as to deceive creditors. *Matter of Taub, supra; Matter of Lovich,* 117 F.2d 612 (2d Cir. 1941); *In re Netherland,* 8 B.R. 679, 3 C.B. C.2d 687 (Bkrtcy.W.D.Va.1981).

Section 727 was adopted in furtherance of the "fresh start" provisions of the bankruptcy laws. *See* H.R.Rep. No. 595, 95th Cong. 1st Sess. 118 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. As a result the courts have adopted substantive and procedural limitations insofar as they relate to the grounds for objections to a debtor's discharge. They carry on the tradition of strict construction found in the many cases which dealt with the Bankruptcy Act's § 14(c) as found in *Gleason v. Thaw,* 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915); *In re Danns,* 558 F.2d 114 (2d Cir.1977) and Code cases such as *In re Paley,* 8 B.R. 466, 3 C.B.C.2d 648 (Bkrtcy.E.D.N.Y.1981), and *In re LoBosco,* 14 B.R. 739 (Bkrtcy.E.D.N.Y. 1981).

■ In the instant case the only evidence presented by the creditor to corroborate the allegations of his complaint were the affidavit and testimony of the process server, the veracity of which was denied by the debtor. The creditor failed to prove by that testimony and affidavit that the debtor knowingly and fraudulently made false oaths in her schedules, statement of affairs and § 341 examination. On the contrary, this court, as the trier of the facts, observed during the course of the trial that the debtor testified sincerely and honestly during the time that she denied the allegations of the complaint. Furthermore, even though the debtor's bank account could have been in existence during the two year period prior to the filing of her petition, because she testified that it had been closed more than a year before the bankruptcy, this court believes that this matter was too trivial and immaterial to support a conclusion that she had intended to perpetrate a fraud on her creditors by failing to make reference to it in her statement of affairs or testifying with respect to it as she did in the course of her examination at the § 341 meeting. This court is satisfied that the plaintiff failed to prove by a preponderance of the evidence that the debtor committed an act or acts complained of in the complaint as would bar her discharge.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that the objections to the debtor's discharge are denied. No other objections having been made to the debtor's discharge, it is hereby granted.