**In re William Andre SHEBEL and Donna Marie Shebel, Debtors.**

**Bankruptcy No. 84–00207.**
**Adv. No. 85–0038.**

United States Bankruptcy Court, D. Vermont.

Oct. 9, 1985.

Elliott M. Burg, of South Royalton Legal Clinic, South Royalton, Vt., for debtors, William A. and Donna M. Shebel.

Charles W. Collier, Bradford, Vt., for Oakes Brothers, Inc.

## FINDINGS AND ORDER

FRANCIS G. CONRAD, Bankruptcy Judge.

Plaintiff, Oakes Brothers, Inc., an unsecured creditor, objects to the discharge of the debtors, Mr. and Mrs. Shebel, because they omitted in their Chapter 7 petition a loan secured by a mortgage on their real estate. The sole issue before the Court is whether the debtors' having knowingly omitted this one creditor on the petition, by itself, amounts to a false oath or account in derogation of 11 U.S.C. § 727(a)(4)(A), warranting the denial of discharge. We hold, on the facts of this case, that the objecting creditor has failed to sustain its burden of proving that the debtors' omission was fraudulent as well as knowing.

Plaintiff's complaint avers that the debtors' Chapter 7 petition in bankruptcy, executed under penalty of perjury on December 20, 1984, omitted a loan for $7,500.00 that the debtors had obtained three days before from the Farmer's Home Administration ("FmHA"), which took a mortgage on their real property, and that this omission constitutes a false oath or account,

knowingly and fraudulently made, barring discharge under 11 U.S.C. § 727(a)(4)(A). In a separate count, the complaint also averred that the debtors had earlier concealed the purchase of the property they mortgaged to the FmHA, creating an additional bar to discharge under 11 U.S.C. § 727(a)(2)(A). The debtors responded with a summary judgment motion to dismiss both counts of the complaint for failing to state a claim for which relief could be granted because plaintiff neglected to aver any facts supporting fraud or an intent to conceal. Plaintiff opposed the motion and amended its complaint.

After a hearing on April 25, 1985, this Court found that the facts pleaded in the amended complaint sufficiently alleged that the debtors knowingly and fraudulently made false oath, putting the plaintiff to its proof at a hearing on the merits. In the second count, however, we held that plaintiff's amended complaint alleged a bare concealment or misrepresentation and failed to plead facts contituting fraudulent intent. This Court exercised its discretion to treat debtors' motion to dismiss as a motion for a more definite statement and granted plaintiff leave to amend its complaint again within twenty days to allege scienter. Plaintiff notified the Court it would not be amending the count alleging concealment, and after the time to amend had expired, an Order was issued dismissing that part of plaintiff's amended complaint predicated on 11 U.S.C. § 727(a)(2)(A), leaving as the only count the allegation of a false oath under § 727(a)(4)(A).

Debtors in the meantime filed a motion for summary judgment, accompanied by an affidavit stating that the debtors' petition was amended within three weeks to include the loan and mortgage to FmHA and that the omission from the original petition should be attributed to counsel. These facts being uncontested, debtors suggested, summary judgment was in order. Plaintiff replied that intent was an issue of fact to be resolved after a hearing. This Court denied the debtors' motion, holding that counsel's affidavit did not dispose of

the issues in plaintiff's amended complaint and that, when questions of motive and intent are involved, as in determining knowledge and fraud, summary judgment is not appropriate. *In re William Andre Shebel*, 54 B.R. 196 (Bkrtcy.D.Vt.1985). The debtors then filed an answer to plaintiff's amended complaint, setting the stage for a hearing on the merits.

At the hearing in this adversary proceeding, plaintiff called Mr. Oakes as a witness. The debtors called Mr. Shebel and Susan Apel, the attorney who had prepared the Shebels' petition. In addition, the parties submitted documentary evidence including letters between Mr. Shebel and Attorney Apel, a letter from Mr. Shebel to Mr. Oakes, and a certified copy of a $7,500.00 real estate mortgage.

In light of the debtors' answer to the amended complaint, the testimony at the hearing, and the documentary evidence of record, this Court finds that, on December 17, 1984, the debtors obtained a home-improvement loan from FmHA for $7,500.00 secured by a mortgage on their real property. Three days later, on December 20th, the debtors signed a joint Chapter 7 petition in bankruptcy, declaring under penalty of perjury that the schedules of assets and liabilities were true and correct. Schedule A–2 did not disclose the secured loan from FmHA.

The debtors omitted the FmHA loan from the petition on the advice of their attorney, who recommended the loan not be listed before she could verify the particulars. At the same time, she believed it was not in her clients' best interests to delay filing the petition until she could review the papers. The incomplete petition was sent to the Court on December 21st and filed on December 28, 1984. In the meantime, the debtors' attorney went on holiday, returning to her office on January 2, 1985. On January 4th, the debtors sent the attorney information about the precise amount and terms of the loan and the recording of the mortgage. On January 9th, three weeks after the original petition

was signed, and before the first meeting of creditors, debtors filed an amended petition adding FmHA as a secured creditor. Once the petition was amended, the objecting creditor knew of the loan from FmHA; for at the creditors' meeting Mr. Oakes questioned the debtors at length about this debt.

Oakes contends that the Shebels knew at the time they signed the petition it was not accurate, that the omission of FmHA was not inadvertent, and that a later amendment cannot cure a false oath. The debtors respond that they filed a petition without listing FmHA on their attorney's advice and with every intention of amending it once the attorney could verify the particulars of the loan, and that therefore they lacked fraudulent intent. Both parties are right.

The purpose of 11 U.S.C. § 727(a)(4)(A) is to ensure that dependable information is supplied for those interested in the administration of the bankruptcy estate on which they can rely without the need for the trustee or other interested party to dig out the true facts in exhaustive examinations or investigations. *In re Tabibian,* 289 F.2d 793, 797 (2d Cir.1961); *In re Cook,* 40 B.R. 903, 906 (Bkrtcy.N.D.Iowa 1984); *In re Gonday,* 27 B.R. 428, 432 (Bkrtcy.M.D.La. 1983). The trustee and creditors are entitled to honest and accurate signposts on the trail showing what property has passed through the debtor's hands during the period before bankruptcy. *In re Slocum,* 22 F.2d 282, 285 (2d Cir.1927); *In re Mascolo,* 505 F.2d 274, 278 (1st Cir.1974); *Cook* at 906; *Gonday* at 432.

■ On the other hand, it is well established that the statutory right to discharge in bankruptcy is contrued liberally in favor of the debtor and strictly against an objecting creditor. *In re Leichter,* 197 F.2d 955, 959 (3d Cir.1952), cert. denied, 344 U.S. 914, 73 S.Ct. 336, 97 L.Ed. 705 (1953); *In re Cycle Accounting Services,* 43 B.R. 264, 270 (Bkrtcy.E.D.Tenn.1984); *In re Kirst,* 37 B.R. 275, 278 (Bkrtcy.E.D.Wis. 1983); *In re Irving,* 27 B.R. 943, 946 (Bkrtcy.E.D.N.Y.1983). Under 11 U.S.C.

§ 727(a)(4)(A), the Court may refuse to discharge the debtors if they made (1) a false oath, (2) in or in connection with their bankruptcy case, (3) knowingly, and (4) fraudulently. The burden of proving each of these four elements rests on the creditor objecting to the discharge. Bankruptcy Rule 4005. See *In re Mascolo,* 505 F.2d 274, 276 (1st Cir.1974); *In re Seablom,* 45 B.R. 445, 449 (Bkrtcy.D.N.D.1984).

■ The failure to list a creditor on the schedules of assets and liabilities accompanying a petition in bankruptcy may constitute a false oath under § 727(a)(4)(A). *In re Chalik,* 748 F.2d 616, 618 n. 3 (11th Cir.1984); *Farmer's Co-operative Association v. Strunk,* 671 F.2d 391, 395 (10th Cir.1982); *In re Cline,* 48 B.R. 581, 584 (Bkrtcy.E.D.Tenn.1985); *In re Irving,* 27 B.R. 943, 945 (Bkrtcy.E.D.N.Y.1983). In light of the heuristic purpose of § 727(a)(4)(A), moreover, such an omission is indubitably material to the case. See *Tancer v. Wales,* 156 F.2d 627 (2d Cir. 1946); *Matter of Lozito,* 113 F.2d 764 (2d Cir.1940); *In re Fischer,* 4 B.R. 517, 518 (Bkrtcy.S.D.Fla.1980). The debtors' failure to disclose FmHA on schedule A–2, then, is a false oath about a material matter if they knowingly and fraudulently omitted this creditor.

■ An oath or account is "knowingly" false if the debtors were aware that a creditor should be listed on the schedules and nevertheless decided not to list the creditor. The Shebels and their attorney knew they were obligated to disclose the debt to FmHA when they filed but chose instead not to include this creditor in their original petition. Of course, if a creditor has been omitted inadvertently, a false oath has not been executed knowingly. See *Avallone v. Gross,* 309 F.2d 60 (2d Cir.1962); *In re Seablom,* 45 B.R. 445, 449 (Bkrtcy.D.N.D.1984); *In re Butler,* 38 B.R. 884, 889 (Bkrtcy.D.Kan.1984). Similarly, if the debt was mistakenly omitted on the honest but erroneous belief that it need not be listed, the omission will not bar the debtors' discharge. See, e.g., *In re Yackley,* 37 B.R. 253, 256 (Bkrtcy.W.D.Mo.1983).

The debtors' failure to disclose FmHA in the original petition, however, was neither inadvertent nor mistaken; the debtors knew they were required to include FmHA and deliberately, for their own reasons, elected not to list this creditor at the time of filing.

■ The debtors contend that the creditor was omitted on the advice of counsel, who urged her clients not to list FmHA in the petition until she could verify the debt but not to delay filing for that reason. When a debtor's attorney reasonably but mistakenly believes that, as a matter of law, a creditor need not be disclosed on the schedule, the debtors will not be denied a discharge under § 727(a)(4)(A) for the counseled omission of the creditor. See *In re Topper*, 229 F.2d 691, (3d Cir.1956); *In re Cycle Accounting Services*, 43 B.R. 264, 270, n. 7 (Bkrtcy.E.D.Tenn.1984); *In re Anderson*, 30 B.R. 229, 233 (Bkrtcy.S.D.Fla. 1983). The Shebels' explanation that they relied on the advice of their attorney, to whom they had disclosed the loan, will not rebut inferences of knowledge and intent when it is self-evident that the omitted creditor should have been scheduled. *In re Mascolo*, 505 F.2d 274, 277 (1st Cir.1974); *In re Nazarian*, 18 B.R. 143, 147 (Bkrtcy. D.Md.1982). Advice of counsel is not a defense if the action counsel advised is improper. *In re Collins*, 19 B.R. 874, 877 (Bkrtcy.M.D.Fla.1982). In advising her clients to file a petition that she knew at the time not to be true and correct, the debtors' attorney shares complicity in the false statement. Certainly, the debtors' attorney had the duty as an officer of this Court to take all possible measures to assure herself that the information listed in her clients' petition was accurate. *In re Martinez*, 22 B.R. 419, 421 (Bkrtcy.D.N.M. 1982). The attorney could, for instance, have chosen to file the schedules and statements within the time prescribed by Bankruptcy Rule 1007(c). This duty to be scrupulously accurate, however, scarcely justifies filing a petition that entirely fails to disclose the existence of a creditor that the attorney's clients had told her about.

■ The debtors point out that they amended schedule A–2 of the petition within three weeks to include the creditor. They maintain that the amendment should relate back to the original time of filing. Amendment cannot expunge the falsity of an oath. *Mazer v. United States*, 298 F.2d 579, 582 (7th Cir.1962); *In re Schnabel*, 61 F.Supp. 386 (D.Minn.1945); *In re Cline*, 48 B.R. 581, 585 (Bkrtcy.E.D.Tenn.1985). Section 727(a)(4)(A) does not provide for a grace period within which one can undo a false statement, made under penalty of perjury, by later declaring the truth. Nor is there any authority for the proposition that the amendment of a false statement requires the Court to pretend that the statement originally made was true. Based on the explanation of the debtors and their attorney, we find that the debtors knowingly filed an inaccurate petition.

■ Philosophers have long recognized the difference between falsity and deception, cautioning that:

> there is a great risk of a conceptual muddle, of not seeing the crucial differences between two domains: the *moral* domain of intended truthfulness and deception, and the much vaster domain of truth and falsity in general. The moral question of whether you are lying or not is not *settled* by establishing the truth or falsity of what you say. In order to settle this question, we must know whether you *intend your statement to mislead*.

S. Bok, *Lying: Moral Choice in Public and Private Life* (1978), 6 (emphasis in original). The language of 11 U.S.C. § 727(a)(4)(A) requires that we draw this critical distinction before deciding whether the benefits of discharge in bankruptcy should be withheld from the debtors. To come within the purview of the statute, it is not enough to establish that the verified statement in the petition was false, nor even that the debtors knew when they filed that it was false. The objecting creditor must prove by a preponderance of the evidence that the debtors made the false statement fraudulently, that is, specifically

with the intent to deceive. See *In re Gonday*, 27 B.R. 428, 433 (Bkrtcy.M.D.La. 1983); *In re Irving*, 27 B.R. 943, 945 (Bkrtcy.E.D.N.Y.1983); *In re Gullifer*, 14 B.R. 183, 185 (Bkrtcy.D.Me.1981). Debtors will not be denied because information is missing or inaccurate, but because information was omitted or altered with the specific purpose of working a fraud. *In re Seablom*, 45 B.R. 445, 449 (Bkrtcy.D.N.D.1984).

Reckless indifference to the truth is the equivalent of fraud. *In re Diorio*, 407 F.2d 1330, 1331 (2d Cir.1969); *In re Nazarian*, 18 B.R. 143, 147 (Bkrtcy. D.Md.1982); *In re Mazzola*, 4 B.R. 179, 184 (Bkrtcy.D.Mass.1980). Compare *In re Cook*, 40 B.R. 903, 907–908 (Bkrtcy.N.D. Iowa 1984); *In re Wasserman*, 33 B.R. 779, 780 (Bkrtcy.S.D.Fla.1983). But the fraudulent intent must be actual, not constructive. *In re Adlman*, 541 F.2d 999 (2d Cir.1976). This Court has in the past relied on the distinction between actual and constructive fraud made by the Vermont Supreme Court:

> Our Supreme Court has succinctly pointed out the difference between actual and constructive fraud as follows: "The term fraud is used in various senses. It may involve an evil intent or it may consist only of a wrongful act intentionally done to the injury of another. The former is actual fraud, the latter constructive. The former involves moral turpitude or intentional wrong. The latter may exist without the imputation of bad faith or immorality." *In re Campbell's Will*, 100 Vt. 395, 402, 138 A. 725; *Pelton's Exr. v. Dumas*, 117 Vt. 13, 17, 84 A.2d 408.

*In re Golowaty*, 13 B.R. 781, 785 (Bkrtcy. D.Vt.1981). Proof of actual intent to defraud may be inferred from the facts. *In re Mascolo*, 505 F.2d 274, 276 (1st Cir. 1974); *In re Cline*, 48 B.R. 581, 584 (Bkrtcy.E.D.Tenn.1985); *In re Nazarian*, 18 B.R. 143, 146 (Bkrtcy.D.Md.1982).

The record before us is devoid of any evidence from which the debtors' intent to deceive when they omitted FmHA from the schedules can be inferred. Compare *In re Schnoll*, 31 B.R. 909, 912 (Bkrtcy.E.D.Wis.1983). The Court finds the testimony of both Mr. Shebel and his attorney that they intended to amend the petition as soon as counsel could review the documents entirely credible. Indeed, within a few weeks, and before the meeting of creditors, the debtors filed an amended schedule A–2 reflecting the omitted creditor. Although amending the petition cannot expunge a false oath, amendment may negate fraudulent intent. In determining the debtors' state of mind, the Court is entitled to consider a later disclosure as evidence of innocent intent. *In re Tabibian*, 289 F.2d 793, 796 (2d Cir.1961). Compare *In re Seablom*, 45 B.R. 445, 449 (Bkrtcy.D.N.D.1984); *In re Summey*, 25 B.R. 707, 708 (Bkrtcy.E.D.Tenn.1982); *In re Collins*, 19 B.R. 874, 878 (Bkrtcy.M.D. Fla.1982). Naturally, an inference that the requisite intent was lacking is only possible if the later disclosure is voluntary, and not in response to the fear of discovery. See *In re Cadarette*, 601 F.2d 648 (2d Cir.1979) (disclosure after questioning not voluntary); *In re George*, 9 B.R. 9, 10 (Bkrtcy.S. D.Fla.1981) (disclosure after creditors' meeting and scheduling of deposition comes too late to negate intent to deceive). The objecting creditor has given us no reason to believe that the amendment of the debtors' petition was not only made freely and voluntarily, but planned from the outset.

"Certainly," as Francis Bacon wrote in his essay On Truth, "it is heaven upon earth, to have a man's mind move in charity, rest in providence, and turn upon the poles of truth." This Court does not condone the filing of a petition that at the moment of filing the debtors and counsel knew was untrue and incorrect. Nevertheless, as one Court has observed:

> Denial of a discharge in bankruptcy is a creditor's remedy of such sharply punitive permanence that it is reserved for the truly pernicious debtor. Only where there is a preconceived scheme to thwart the rights of creditors and the process of this court, or such a cavalier disregard of duty as to constitute the legal equivalent

of those motives, is the discharge withheld. The measure of proof required to establish such a case is accordingly a most exacting one, of which this plaintiff's presentation has fallen short.

*In re Brame,* 23 B.R. 196, 200 (Bkrtcy.W. D.Ky.1982). The statute by its terms requires both knowledge and intent. Plaintiff has not met its burden of establishing the elements of § 727(a)(4)(A).

Accordingly,

It is ORDERED that JUDGMENT FOR DEBTORS be entered in this proceeding.