In re Christopher F. AIKEN, Debtor.

Marilee CHRISTENSON, Plaintiff,

v.

Christopher F. AIKEN and Leslie A. Davis, Trustee, Defendants.

Bankruptcy No. 86–01847–BKC–JJB.
Adv. No. 86–0361–BKC–JJB.

United States Bankruptcy Court, E.D. Missouri, E.D.

Jan. 11, 1988.

---

Jeffrey S. Paull, Clayton, Mo., for plaintiff.

Carl D. Lothman, Evans & Dixon, St. Louis, Mo., for defendant/debtor.

Leslie A. Davis, Clayton, Mo., trustee.

## MEMORANDUM OPINION

JAMES J. BARTA, Bankruptcy Judge.

This matter is before the Court on Plaintiff's Complaint objecting to the Debtor's discharge pursuant to 11 U.S.C. § 727. A trial was held at which evidence was adduced, argument of counsel heard, and the matter then taken as submitted. The issues in this case now having been duly considered by the Court, the following findings and conclusions are entered.

Marilee Christenson, Plaintiff herein, is a single person who has known the Defendant Christopher F. Aiken since August 1979. During the course of their acquaintance they were involved in business transactions regarding various parcels of real estate.

Christenson sued Aiken and his brother William in an action filed in the Circuit Court of the City of St. Louis. On June 7, 1983 a consent judgment was entered against Christopher Aiken and in favor of Christenson in the amount of $73,227.00. The amount of the judgment was subject to credits being applied for the value of certain parcels of real property. After applying these credits, $37,500.00 was due on the judgment. At some time thereafter, a judgment was also taken against William Aiken.

In early June, 1986 the Defendant called Christenson and proposed a method of repayment of the amount due her on the judgment. They met and Aiken presented a brief outline of his offer. They continued the discussion at the law offices of Ms. Christenson's attorney.

At this meeting Aiken proposed to have Ms. Christenson acquire certain options in which Aiken supposedly had an interest. He claimed the value of the property upon which these options were effective was $177,000.00 in the aggregate. An unnamed entity would lend Ms. Christenson $144,000.00 for acquisition of the properties. Within one month, the properties would be conveyed to some unknown entity, resulting in a $33,000.00 gain for Ms. Christenson.

This offer was contingent upon Ms. Christenson executing a release of the judgments pending against Aiken and his brother. These releases were to be given prior to execution of any other aspect of this "deal".

During discussions of this proposed settlement, the Debtor remarked upon the possibility of bankruptcy but did not say for certain if he was going to file his petition for relief.

Aiken said he would omit scheduling of the judgment as a debt on his bankruptcy schedules if this settlement occurred.

The Plaintiff now objects to the Debtor's discharge. Three grounds for objection are asserted. First, the Plaintiff claims the Debtor should be denied a discharge due to his concealment, with intent to hinder, delay or defraud creditors, of his

property, within one year of the date of filing of his petition for relief.[1]

No evidence was presented at trial which would lead this Court to conclude that any concealment of the Debtor's property occurred. The evidence related to an offer to settle the debt between the Plaintiff and the Defendant. It does not support a conclusion that the Debtor ever owned the option contracts or that these contracts had value. Their existence at the time of the offer is called into question because Plaintiff testified that at some time after the Debtor's offer had been made, she learned that the options had expired.

Further, the evidence would tend to show that the Debtor *revealed* an asset to his creditor rather than concealed one. The Court is not convinced from the testimony that the Debtor was the actual owner of the options and the record does not establish that the Debtor held any options at the commencement of this case. The uncertain nature of the facts presented result in a conclusion that the Debtor's discharge would not be denied for concealment of property.

█ The Plaintiff further challenges the Debtor's right to a discharge because the Debtor, without justification, concealed, destroyed, mutilated, falsified or failed to keep or preserve recorded information from which his financial conditions or business transactions might be ascertained.[2]

The Debtor's schedules clearly reflect his books and records were locked in an office to which he no longer had access due to nonpayment of rent. There is no evidence to support a conclusion that records were not kept or were destroyed by the Debtor. Aiken would not be denied a discharge under this situation.

Christenson also challenges the Debtor's right to a discharge due to the Debtor's violation of 11 U.S.C. § 727(a)(4)(C) which provides:

"(a) The Court shall grant the debtor a discharge, unless—

(4) the debtor knowingly and fraudulently in or in connection with the case—

(C) gave, offered, received, or attempted to obtain money, property, or advantage for acting or forbearing to act...."

The language of this subsection is similar to the language of the sixth paragraph of 18 U.S.C. § 152 which reads:

"Whoever knowingly and fraudulently gives, offers, receives or attempts to obtain any money or property, remuneration, compensation, reward, advantage, or promises thereof, for acting or forbearing to act in any case under title 11 shall be fined not more than $5,000.00 or imprisoned not more than five years or both."

This section of Title 11 covers extortion and bribery, or attempts to extort or bribe. The giving or offering of bribes is also forbidden. 4 Collier on Bankruptcy, ¶ 727.06 at 727–68 (15th Ed. 1987).

█ In the matter sub judice, this Court finds and concludes the actions of the Debtor were not extortionate, did not amount to bribery and are not cause for denial of discharge. His actions amount to sketchy offers to settle the debt. At most, the Debtor offered to sell an option and arrange financing. In exchange, the judgments against him and his brother would be released. The Debtor then would not need to schedule the debt. He would, however, need to reveal the transaction on any bankruptcy statement of financial affairs. The Debtor's Statement of Financial Affairs in this case reveals a sale of an option to a different creditor to settle a different debt in the amount of $45,000.00. This is not an improper settlement on its face. Nor was the offer to settle the debt due Christenson an improper offer. The evidence does not establish that the Debtor would not have revealed these transactions on his Statement of Financial Affairs if they had taken place.

It may be fairly stated that in most cases a Chapter 7 petition is filed for the purpose

---

**1.** 11 U.S.C. § 727(a)(2)(A) prohibits a discharge under these circumstances.

**2.** A discharge would not be granted under these circumstances. 11 U.S.C. § 727(a)(3).

of obtaining a discharge of scheduled debts. Therefore, an entity which seeks to deny a debtor's discharge must prove that the actions complained of were inconsistent with the conduct expected of an honest debtor. *In re Shebel,* 54 B.R. 199 (Bkrtcy. D.Vt.1985), and Bankruptcy Rule 4005.

Having concluded there is no sufficient cause for objecting to the Debtor's discharge in this case, judgment on the Complaint of Marilee Christenson objecting to the discharge of the Debtor, Christopher F. Aiken, will be entered in favor of the Defendant Christopher F. Aiken and the Debtor will be discharged of his debts by separate Order of the Court.