**In re Leland GEORGE and Nancy George, Debtors.**

**Tom Le SUEUR and Ailene Le Sueur, Plaintiffs,**

v.

**Leland GEORGE and Nancy George, Defendants.**

**Bankruptcy No. 80–00836–BKC–TCB. Adv. No. 80–0310–BKC–TCB–A.**

United States Bankruptcy Court, S. D. Florida.

Jan. 30, 1981.

Gary I. Zwickel, Lake Worth, Fla., for debtors, defendants.

Richard W. Lorenz, Spencer, Ind., for plaintiffs.

## FINDINGS AND CONCLUSIONS

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiffs object to the debtors' discharge on multiple grounds under 11 U.S.C. § 727(a), 2, 3, 4 and 5. (C.P. No. 1) The debtors have answered. (C.P. No. 5) The matter was tried before me on January 6. This order incorporates findings and conclusions as authorized by B.R. 752(a).

Debtors filed under chapter 7 on July 2, 1980. The schedules disclosed assets of $800. They specifically denied any interest in any real property.

In fact, the debtor wife held the equitable ownership of a house and 21 acres in Indiana which she contracted to buy through two contracts in July and August, 1977. The present value of the property is $120,000. The contracts remain in force and are current. Her present equity is $60,000.

At the creditors' meeting, the debtors continued to attempt to conceal this valuable asset. The seller has testified that the debtor wife told her that she concealed this interest because she wished to keep it and asked the seller to tell anyone who asked that the property had merely been rented, not sold. That testimony is undisputed by the debtors, neither of whom appeared for the trial of this case.

Similarly, the schedules omitted the debtors' joint ownership of a mobile home and the debtor husband's ownership of a 1977 Dodge truck though disclosing two less valuable trucks. Neither of these items was revealed at all at the creditors' meeting, held on September 9.

The debtors defense is that all three items were fully disclosed in an amendment to their schedules filed October 17. By that time, both debtors had deliberately lied under oath at the creditors' meeting by testifying that the property was not owned by the debtors, but was rented by them. By that time also, plaintiffs had scheduled a deposition in this case of the seller and the debtors undoubtedly knew that the cat was out of the bag. The disclosure came too late in this case to demonstrate the debtors' lack of intent to deceive and defraud.

Subsections 727(a)(2)(B) and (4)(A) require the denial of discharge if the debtor conceals property of the estate with intent to hinder, delay or defraud a creditor or an officer of the estate or if the debtor knowingly and fraudulently made a false oath in the case or in connection with the case.

I find that each of the debtors has done both. The concealment of the valuable equitable interest in the Indiana property as well as the truck and the mobile home were deliberate and with an actual intent to defraud the creditors, who are entitled to participate prorata in the debtors' equity in all three properties. *Collier on Bankruptcy* (15th ed.) ¶ 727.02[3].

Similarly, I find that each of the debtors lied knowingly and fraudulently at the creditors' meeting in their responses to questions concerning the wife's Indiana property interest. *Collier on Bankruptcy* (15th ed.) ¶ 727.04.

Because these instances are so glaring and have not been controverted factually by the debtors, it is not necessary to explore

further the plaintiffs' allegations and proof of other grounds for the denial of discharge.

As is required by B.R. 921(a), a separate judgment will be entered denying discharge to each of the debtors. Costs will be taxed on motion. Plaintiffs' claim for reimbursement of costs (if not recovered from the debtors) and of their attorney's fees should be presented as a claim for administrative expense under § 503(b).