In re Glenn L. ADDIS, d/b/a Cavalier Inn; D-Rae's; J.P.'s Restaurant & Lounge; Cavalier Wine and Roses, Inc., Debtor.

Bankruptcy No. LF11–84–00813.

United States Bankruptcy Court, W.D. Wisconsin.

July 19, 1984.

Melvyn L. Hoffman, McArdle, Hoffman & McArdle, La Crosse, Wis., for debtor.

David L. Lange, Asst. City Atty., La Crosse, Wis., for the City of La Crosse.

## MEMORANDUM OF DECISION REGARDING GRANTING OF MOTION FOR INJUNCTIVE RELIEF

WILLIAM H. FRAWLEY, Bankruptcy Judge.

Glenn L. Addis and Cavalier Wine & Roses, Inc., by Attorney Melvyn L. Hoffman of McArdle, Hoffman & McArdle, having filed a Motion for injunctive relief; and the City of La Crosse, Wisconsin, by Deputy City Attorney David L. Lange, having filed a Reply to said Motion; and the matter having been briefed by both parties; and a hearing having been held; and the Motion being GRANTED from the bench; the Court issues the following Memorandum of Decision:

1. Debtors Glenn L. Addis and Cavalier Wine & Roses, Inc., operate a cocktail lounge in La Crosse, Wisconsin.

2. The City of La Crosse "granted" the Debtors a liquor license for the period July 1, 1984, through June 30, 1985. However, the City refused to "issue" said license until liquor distributor bills outstanding for more than 30 days, city taxes and state taxes had been paid. *See* Wis.Stats. secs. 125.33(3)(b) and 125.69(4)(b) (liquor bills), La Crosse Municipal Code secs. 20.01(6)(7) & (10) and 22.23 (city and state obligations).

3. Said bills and taxes were incurred prior to the Debtors' petition in bankruptcy.

4. On June 27, 1984, this Court granted the Debtors' Motion and ordered the La Crosse City Clerk to issue a liquor license to the Debtors.

### Discussion

5. The briefs of both parties were well researched and were of great assistance to the Court in resolving the issues in this matter.

6. The automatic stay [11 U.S.C. sec. 362] is one of the fundamental debtor protections provided by the bankruptcy laws.... It stops all collection efforts, ... It permits the debtor to attempt a repayment or reorganization plan, ...

The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of [their] claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5963, 6296–6297; S.Rep. No. 989, 95th Cong., 2nd Sess. 49 & 54–55 (1978), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5835 & 5840–5841.

7. The City argues that its passive refusal to issue the liquor license is not an act to collect a debt—rather, it is an act to withhold a privilege until the applicant complies with the requirements of the law.

8. Whether a liquor license is a right or a privilege under state law, *see Marquette Savings & L. Assn. v. Village of Twin Lakes*, 38 Wis.2d 310, 156 N.W.2d 425 (Sup.1968) (issue discussed), it constitutes a property interest sufficient to fall within the jurisdiction of the federal bankruptcy court. *In re Aegean Fare, Inc.*, 35 B.R. 923, 927 (Bankr.D.Mass.1983). This is especially so when, as in this case, the licensing authority has exercised its discretion in favor of license renewal.

9. Accordingly, the only substantive issue which requires extensive commentary is the interplay between the state's police and regulatory power and the Federal Bankruptcy Code provisions for orderly estate administration.[1]

10. This is not the first court to struggle with "the distinction between the government acting in its own pecuniary interest (or in the pecuniary interest of a favored creditor), and the government acting to enforce police and regulatory laws." *Donovan v. TMC Industries, Ltd.*, 20 B.R. 997, 1001–1005 (Bankr.N.D.Ga.1982) (cases collected).

11. While it has been said that where "enforced compliance with a state or city law conflicts with and frustrates the purpose of the Bankruptcy Code, the state or city law will not be enforced", *In re Carpenter*, 23 B.R. 318, 321 (Bankr.D.N.J. 1982) (citations omitted), this Court believes that a balancing of bankruptcy and non-bankruptcy interests is more in keeping with the spirit of the automatic stay section of the Bankruptcy Code. *See, e.g., Donovan*, paragraph 10 *supra*, at 1004.

12. Arguably, the purpose of a requirement that there be no liquor bills outstanding for more than 30 days at the time of the issuance of the liquor license is to promote the general welfare by preventing

---

1. The Debtors argue that the 11 U.S.C. sec. 362(b)(4) "police or regulatory" exception to the automatic stay is limited to 11 U.S.C. sec. 362(a)(1) (process or proceeding stayed). Because this Court finds the police or regulatory exception would not affect the outcome of this matter even if it were applicable, *see infra*, the scope of that exception need not be addressed.

vertical integration of the liquor trade. *See In re Jacobsmeyer*, 13 B.R. 298, 300 (Bankr.W.D.Miss.1981). Clearly, an effect of such a requirement is to favor one class of creditors over others. *See, id.* at 302.

13. This Court approves of the result reached in *Jacobsmeyer:* the state was enjoined from enforcing the liquor bill law insofar as it caused the debtors to pay pre-petition debts; the state was not enjoined from taking appropriate action if there was evidence of actual vertical integration. *Id.*

14. Similarly, the requirement that there be no outstanding state or city taxes at the time of the issuance of the liquor license is temporarily superseded by the automatic stay. As the court in *Aegean Fare* said about a similar law: "This statute is not a valid exercise of the [state's] police power but rather is an action that seeks the obtainment of a pecuniary advantage by doing indirectly that which the [state] is prohibited from doing directly." *Id.*, paragraph 9 *supra*, at 928 (citations omitted).

### CONCLUSION OF LAW

The automatic stay, 11 U.S.C. sec. 362, operates to prevent the City of La Crosse from refusing to issue a granted liquor license in reliance upon statutes and ordinances which require the payment of pre-bankruptcy debts.