**In re Monte Allen AILETCHER, dba Gold Factory, Hawaii Kuuipo Jewelry, Mauna Kea Mining, Debtor.**

**Terry L. DAY, Trustee, Flint and Cass Carpenter, et al., Creditors, Plaintiffs,**

v.

**Monte Allen AILETCHER, dba Gold Factory, Hawaii Kuuipo Jewelry & Mauna Kea Mining, Defendant.**

**Bankruptcy No. 83–00270.
Adv. No. 84–0048.**

United States Bankruptcy Court,
D. Hawaii.

Feb. 28, 1985.

Terry L. Day, Robert G. Jones, Honolulu, Hawaii, for plaintiffs.

Dana W. Smith, Honolulu, Hawaii, for debtor.

## FINDINGS OF FACT; CONCLUSIONS OF LAW; AND ORDER

JON J. CHINEN, Bankruptcy Judge.

The Trustee's and Creditors' Motion for Summary Judgment came on for hearing on January 17, 1985 before the undersigned Judge, at which time Terry L. Day, Esq., represented herself as Trustee, Robert G. Jones, Esq., represented Flint and Cass Carpenter and other creditors, and Dana W. Smith, Esq., represented Monte Allen Ailetcher aka Monte Allen ("Debtor").

The Court having considered the pleadings and record on file, having heard the oral argument of counsel and being duly advised in the premises, hereby makes the following findings:

## FINDINGS OF FACT

1. Monte Allen Ailetcher filed a voluntary Chapter 7 petition in Case No. 83–00270, In re Monte Allen Ailetcher, dba Gold Factory, Hawaiian Kuuipo Jewelry, Mauna Kea Mining, on June 1, 1983 ("Original Petition").

2. In the Original Petition, the Debtor stated that he "never kept records" relating to his business affairs for the two years immediately preceding the filing of the Original Petition.

3. The Debtor attended the first meeting of creditors in the above action ("First Meeting") which was held in Hilo, Hawaii, on September 15, 1983.

4. At the First Meeting, under examination by the Trustee appointed herein, Terry L. Day ("Trustee"), the Debtor claimed to have business and tax records for the various dba's under which he conducted his business affairs. The Debtor claimed that his records would "fill the courtroom". The Trustee asked the Debtor to produce his "records", and the Debtor agreed to produce his "records" for the Trustee's review.

5. By letter dated January 5, 1984, the Trustee requested that the Debtor provide her with his business "records" and notified Debtor of his obligation to produce his "records" pursuant to § 521 of the Bankruptcy Code as well as of the consequences he would suffer if his "records" were not produced. *See* Affidavit of Terry L. Day, Creditor's Motion for Summary Judgment filed May 22, 1984, Exhibit "A".

6. On or about February 2, 1984, the Trustee filed an Ex Parte Motion for Order Requiring Debtor to Produce Records Pursuant to Section 521, resulting in the entry of an Order by the Court on February 6, 1984 directing Debtor to produce his "records" at the Trustee's offices on or before February 14, 1984.

7. The Debtor failed to produce his records as directed by the Court in its Order of February 6, 1984. Because of the Debtor's failure to produce his records, the Trustee filed a Complaint Objecting to Discharge of Debtor on March 18, 1984.

8. The Creditors' Motion for Extension of Time for Filing Objection to Discharge, which was filed on February 14, 1984, came on for hearing before the Court on April 5, 1984. The Debtor personally appeared at the hearing and was questioned about his "records" by the Court. The Court orally instructed the Debtor that his "records" and his Answer to the Trustee's Complaint were to be filed and delivered to the Trustee at her office on or before April 12, 1984. Formal Orders to this effect were filed on April 10, 1984. These Orders also authorized the Creditors to "join in the Trustee's pending Complaint Objecting to Discharge of Debtor."

9. The Debtor filed an Answer to the Complaint on April 13, 1984. In his Answer, the Debtor stated as follows:

2). The plaintiff's [sic] allegation that the defendant has failed to keep or preserve books and records, documents and papers relevant to his financial condition and/or nature of business transactions is totally without merit. *Defendant agrees to produce such books and records for this court at any time.* (emphasis added).

10. The Debtor again failed to produce his "records" on April 12, 1984 to the Trustee as ordered by the Court on April 10, 1984.

11. On May 22, 1984, certain Creditors filed a Motion for Summary Judgment upon the pending Complaint Objecting to Discharge. The Trustee supported the Motion for Summary Judgment.

12. The hearing on the Motion for Summary Judgment was initially scheduled for June 29, 1984 but was continued to January 17, 1985.

13. On June 25, 1984, over nine (9) months after the First Meeting, the Debtor produced some "records" relating to his business affairs to his attorney, Dana W. Smith.

14. The following books, records and documents, which the Court ordered the Debtor to produce by its Orders dated February 6, 1984 and April 10, 1984, were not included among the materials which the Debtor produced to his attorney on June 25, 1984:

(a) All general ledgers for Monte Allen Ailetcher, Gold Factory, Hawaii Kuuipo Jewelry and Mauna Kea Mining for the two years preceding the order for relief on June 6, 1983.

(b) All federal and state tax returns, including but not limited to income and general excise tax returns, for Monte Allen Ailetcher, Gold Factory, Hawaii Kuuipo Jewelry and Mauna Kea Mining for the two years preceding the order for relief.

(c) Payroll records kept on behalf of Monte Allen Ailetcher, Gold Factory, Hawaii Kuuipo Jewelry and Mauna Kea Mining for the year preceding the order for relief. No records were produced for any period of time after June, 1982, the year immediately preceding the filing of the Original Petition.

(d) Monthly bank statements for the personal and business accounts of Monte Allen Ailetcher, Gold Factory, Hawaii Kuuipo Jewelry and Mauna Kea Mining for the two years preceding the order for relief. Although some statements were produced, the Debtor failed to comply with the Court's order which required the production of all records for certain specified periods. No records were produced for any period after June, 1982.

(e) A copy of the power of attorney by which Monte Allen Ailetcher operates or acts on behalf of Jacobs Precision Tool Company.

(f) Any and all cancelled checks which were made payable to Amy Kawaguchi (Debtor's wife) for rental of the Debtor(s)' residence for the two years preceding the order for relief.

(g) All inventories of equipment, furniture, fixtures and merchandise for Monte Allen Ailetcher, Gold Factory, Hawaii Kuuipo Jewelry and Mauna Kea Mining for the two years preceding the order for relief.

(h) All financial statements prepared by or on behalf of Monte Allen Ailetcher, Gold Factory, Hawaii Kuuipo Jewelry and Mauna Kea Mining for the year preceding the order for relief.

(i) All personal and business checkbooks and registers for Monte Allen Ailetcher, Gold Factory, Hawaii Kuuipo Jewelry and Mauna Kea Mining for the two years preceding the order for relief. Although some records were produced, the Debtor failed to comply with the Court's order which required the production of all records for certain specified periods. No records were produced for any period after June, 1982.

15. The books and records, which the Debtor turned over to his counsel, consist of the following:

(a) Incomplete files relative to numerous lawsuits brought against the Debtor;

(b) Various bank card sales slips, vouchers and other similar and incomplete records concerning retail sales which were apparently made by the various business entities under which the Debtor operated;

(c) Incomplete payroll, check and deposit registers for some of the Debtor's businesses;

(d) Incomplete files which consists primarily of invoices and correspondence, concerning various individuals and businesses with whom the Debtor conducted business; and

(e) Incomplete files which contains information regarding former employees of the Debtor, consisting primarily of employment applications and exemptions for withholding claimed by these employees.

16. No records were produced for the one year period preceding the filing by

Debtor of his Original Petition (June, 1982 to June, 1983).

17. Under Debtor's Amended Petition filed herein on January 15, 1985, the Debtor seeks a discharge of debt in the amount of $769,643.29, which was incurred by the Debtor over a period for four (4) years (1979–1982) while operating under seven (7) different business trade names. There are approximately 134 different creditors involved in this case.

18. On January 17, 1985, the Debtor's attorney, at the hearing on the Creditor's Motion for Summary Judgment, acknowledged that the Debtor did not maintain and could not produce (a) General ledgers; (b) Inventory records; (c) Accounts receivable records; and/or (d) Accounts payable records for any of the seven (7) business entities under which he conducted business for over a period of four (4) years (1979–1982). *See also* Supplemental Affidavit of Flint Carpenter, in Support of the Motion for Summary Judgment, filed on June 19, 1984.

19. No tax returns of any kind for any period of time for any of the Debtor's seven (7) businesses have been produced.

20. Debtor stated in his Original Petition filed on June 6, 1983 that he was "unemployed". In contrast, Debtor stated in his Amended Petition filed on January 15, 1985 ("Amended Petition") that from January, 1983 through July, 1983 he was a "sole proprietor engaged in the sale of general merchandise."

21. Debtor stated in his Original Petition that during the two calendar years immediately preceding the filing of his Original Petition, he received no income from any source. However, Debtor stated in his Amended Petition that between June 6, 1982 and June 6, 1983, he withdrew $7,000.00 from his various businesses and that from July, 1982 through January, 1983, he was employed by Jacobs Precision Tool Co., Inc.

22. Debtor stated in his Original Petition that he had not returned or transferred, within the year immediately preceding the filing of the Petition, any asset or property to any third person. In his Amended Petition, Debtor stated, however, that various assets and property, the value of which he claims totals $213,400.00, were voluntarily returned or transferred by him to eleven (11) different persons within the one-year period.

23. Debtor stated in his Original Petition that during the year immediately preceding its filing he suffered no losses from fire, theft or gambling. In contrast, Debtor stated in his Amended Petition that he suffered theft losses of $180,000.00 from customers and employees over a three (3) year period.

24. Debtor stated in his Original Petition that at the time of its filing the value of his personal property assets was $60.00 in cash. However, Debtor stated in his Amended Petition that the value of his personal property assets at the time of the filing of his Original Petition totaled $13,020.00.

## CONCLUSIONS OF LAW

■ 1. In violation of sections 521 and 704 of the Bankruptcy Code, the Debtor has not cooperated with the Trustee as necessary to enable the Trustee to adequately investigate and determine the Debtor's true financial condition and affairs.

■ 2. The Debtor has failed to keep or preserve adequate recorded information, including books, documents, records and papers from which his true financial condition or business transactions might be accurately ascertained. The Debtor's failure to do so is unjustified under all of the circumstances of this case and is in violation of § 727(a)(3) of the Bankruptcy Code.

■ 3. The Debtor, in connection with this case, has knowingly and fraudulently made false oaths and accounts in violation of § 727(a)(4) of the Bankruptcy Code.

■ 4. The Debtor's answers, in his Original Petition and in his Amended Petition concerning those matters and questions detailed in the Findings of Fact Nos. 20, 21, 22, 23 and 24, required no professional advice or consultation to be truthfully answered. The Court concludes that the

extreme disparity between the Debtor's answers in his Original Petition and in his Amended Petition to these matters and questions constitutes a violation of § 727(a)(4) of the Bankruptcy Code which denies discharge if the debtor knowingly or fraudulently made a false oath or account in connection with the case.

■ 5. The Debtor has failed to satisfactorily explain the extreme deficiency of assets, which he claims exists in his estate to meet his liabilities, in violation of § 727(a)(5) of the Bankruptcy Code.

■ 6. The Debtor has refused to obey in a timely fashion, not one but two of the Orders of the Court entered on February 6, 1984 and April 10, 1984 in violation of § 727(a)(6) of the Bankruptcy Code.

### Order

Based upon the foregoing Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED,

That the Trustee's and Creditors' Motion for Summary Judgment is hereby granted and the discharge of the Debtor's debts is hereby denied.