In re David JERZAK, Rita M. Jerzak, d/b/a Jerzak Trucking, Jerzak Trucking, Inc., Christianson Lime Spreading Service, Inc., Deer Trail Bar and Supper Club, Debtors.

Bankruptcy No. WF11–84–01160.

United States Bankruptcy Court, W.D. Wisconsin.

March 21, 1985.

John T. Manning, Wisconsin Rapids, Wis., for debtors.

Brian M. Maloney, Madison, Wis., for Oneida County Dist. Atty. John J. Hogan.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER OF INJUNCTION

WILLIAM H. FRAWLEY, Bankruptcy Judge.

This Court (Martin, J.) having issued an Order to Show Cause; and a hearing hav-

ing been held; and Debtors David and Rita M. Jerzak appearing by Attorney John T. Manning; and Oneida County District Attorney John J. Hogan appearing by Oneida County Corporation Counsel Brian M. Maloney; and briefs having been filed; the Court, being fully advised in the premises, FINDS THAT:

1. On June 11, 1984, Debtors Rita M. and David Jerzak filed for relief under Chapter 11 of the Bankruptcy Code. Included in their scheduled debts was a claim of the Wisconsin Department of Industry, Labor and Human Relations (DILHR) as the assignee-in-trust of wages[1] due Ted A. White.

2. Mr. White's claim arises from work performed at Debtor David Jerzak's Deer Trail Resort in January and February of 1984. According to Mr. White's March, 1984, DILHR Claim for Wages, his employer told him "she [sic] had to ... checks before she could worry about my wages" (omission in copy provided to the Court).

3. On May 17, 1984, Mr. White assigned "the sum of $1,087.00 as wages earned, plus $500.00 the penalty provided in 109.-11(2)," to DILHR "in accordance with the provision of Section 109.09 ... and for the *collection* of which I authorize the Department of Industry, Labor and Human Relations to sue the said Deer Trail Resort-David Jerzak" (emphasis added).

4. On May 25, 1985, DILHR wrote to the Lincoln County District Attorney to ask that he "commence an action for the *collection* of this claim" (emphasis added). *See* Wis.Stats. sec. 101.02(5)(f) (District Attorney to aid and prosecute under DILHR supervision). No request for criminal action was made.

5. On December 10, 1984, Lincoln County District Attorney Christopher Coakley requested Oneida County District Attorney John J. Hogan to issue a criminal complaint against Mr. Jerzak for "failure to pay wages" because "this offense took place in Oneida County, not Lincoln County as he had previously believed." Affidavit of John J. Hogan (filed Feb. 1, 1985).

6. On December 11, 1984, Mr. Hogan "drafted a criminal complaint against David Jerzak and wrote to Ted White to have him come into [the] office and sign the complaint." *Id.* ("Until Mr. White came into my office to sign the complaint ... I had never before had any contact with him and he had never requested that I draft a criminal complaint in this matter." *Id.*)

7. Shortly thereafter, Mr. Hogan filed a criminal complaint against Mr. Jerzak alleging that Mr. Jerzak "unlawfully and intentionally as an employer, having the ability to pay, failed to pay wages due and payable ... contrary to Section 109.09(1) and 109.11(1)(2), Stats.".

8. Although DILHR was served notice of the commencement of the Debtors' bankruptcy proceeding by mail, Mr. Hogan was not notified until some time after filing the criminal complaint.

9. This matter was commenced upon the Debtors' motion for an order to show cause why Mr. Hogan should not be held in contempt for violating the 11 U.S.C. sec. 362 automatic stay. However, the Debtors now appear to pursue an injunctive remedy. The parties have exhaustively briefed the propriety of such relief.

## Discussion

10. *Wisconsin Statutes.* Chapter 109 of the Wisconsin Statutes is entitled "Wage Payments, Claims and Collections". Under section 109.09, entitled "Wage claims, collection", DILHR is empowered to take an assignment-in-trust of wage claims and to sue to recover on such claims.

11. Section 109.11 is entitled "Penalties". Under subsection (1), an employer who, having the ability to pay, fails to pay wages with an intent to, *e.g.*, defraud an

---

**1.** The "wages" included $37 advanced to Mr. Jerzak by Mr. White because, as Mr. White states in his March, 1984, DILHR claim for wages form, "we were short on money to make change ... otherwise we would not be able to open up for business." In view of the Court's ruling in this matter, these monies need not be distinguished from Mr. White's wage claim.

employee may be fined not more than $500 or imprisoned not more than 90 days or both.[2] Under subsection (2), "in addition to the criminal penalties provided in sub. (1)," an employer who violates Chapter 109 is held liable for the payment of certain increased wages. (The comments which accompany section 109.11 refer to the increased wages as "liquidated damages that an employee may recover". *See Valeo v. J.I. Case Co.*, 18 Wis.2d. 578, 590, 119 N.W.2d 384, 391 (1963) (employee has burden of proof in civil suit to recover increased wages under predecessor to sec. 109.11).)

■ 12. *Bankruptcy Code.* Under 11 U.S.C. sec. 362 most acts to collect pre-petition debts are automatically stayed. Not statutorily enjoined are criminal actions against a debtor or actions by governmental units to enforce police or regulatory powers. Nevertheless, such proceedings may be judicially enjoined under 11 U.S.C. sec. 105.[3] *In re Davis*, 691 F.2d 176, 177–178, 9 B.C.D. 1048, 1049–1050 (3rd Cir. 1982).

13. Once again this Court must "struggle with the 'distinction between the government acting in its own pecuniary interest (or in the pecuniary interest of a favored creditor), and the government acting to enforce police and regulatory laws.'" *In re Addis*, 40 B.R. 908, 909 (Bankr.W.D.Wis.1984).

14. *Wage Claims.* To the extent that Mr. Hogan sues to recover pre-petition wages and increased wages for DILHR's beneficiary, Mr. White, it is clear that this nominally criminal matter is not distinguishable from instances where a state agency attempts to enforce a statute directed at a debtor's financial obligations

rather than the state's health and public safety concerns. *E.g., id.* (This is not a case, such as *U.S. v. Alexander*, 743 F.2d 472, 480 (7th Cir.1984), where rehabilitative restitution is required of an individual convicted under a criminal statute.)

■ 15. *Criminal Claim.* The exercise of this Court's power under section 105 is tempered by the recognition that "every 'good faith criminal proceeding' should be protected." *In re Van Riper*, 25 B.R. 972, 977 (Bankr.W.D.Wis.1982).

■ 16. A criminal proceeding is not brought in good faith when the complaining witness had insufficient evidence to support the allegations, when the prosecuting authority has reason to doubt the validity of the charges or when the prosecuting authority fails to exercise independent judgment in continuing the prosecution. *See In re Davis*, Paragraph 12 *supra*, 691 F.2d at 179, 9 B.C.D. at 1051.

■ 17. Here, the elements of a good faith criminal prosecution are absent: Before being summoned to Mr. Hogan's office to sign the prepared complaint, Mr. White apparently alleged only that he had not been paid wages by a financially strapped employer. The allegation of a criminal violation seems to have originated in the Lincoln County District Attorney Office— DILHR did not request a criminal proceeding and Mr. Hogan did not contact DILHR or Mr. White prior to drafting the Complaint. Neither DILHR, the statutory prosecuting authority, nor Mr. Hogan, who drafted the Complaint one day after the Lincoln County District Attorney's request, appear to be exercising independent judg-

---

**2.** Conduct proscribed under the criminal subsection of the statute is not, as the parties posit, *malum prohibitum. Cf. Locklear v. State*, 86 Wis.2d 603, 614, 273 N.W.2d 334, 338–339 (1979) (worthless check statute: "'... it is not the debtor's nonpayment but rather the fraud through which the payment is evaded ...'" which is punished).

**3.** Because section 105 protection must be exercised by the Bankruptcy Court, a debtor can not

raise a superseding bankruptcy action as a defense to a criminal proceeding. *But see Davis*, paragraph 12 *infra*, 691 F.2d at 178, 9 B.C.D. at 1050 ("no evidence that [Debtor] will be unable to raise the supremacy clause challenge in the state court"); *cf. Barnette v. Evans*, 673 F.2d 1250, 1252 (11th Cir.1982) (dicta: if Debtor believed prosecution was a subterfuge for debt collection, he could have raised the issue as a matter of state law).

ment regarding the continuation of this proceeding.[4]

18. The conclusion is inescapable that the criminal aspect of Mr. Hogan's prosecution is nothing more than an afterthought of the Lincoln County District Attorney and that the Oneida County criminal proceeding is, but for the caption, a civil action to collect a debt.

## CONCLUSIONS OF LAW

 1. The civil aspect of the state court proceeding should be enjoined. *Cf. In re Thomassen*, 15 B.R. 907, 909, 8 B.C.D. 530, 532 (Bankr. 9th Cir.1981) ("State and local governmental units cannot, by an exercise of their police or regulatory powers, subvert the relief afforded by the federal bankruptcy laws. When they seek to do so for a pecuniary purpose, they are automatically stayed, notwithstanding the exception found at 11 U.S.C. § 362(b)(4)"), *In re Heckler Land Dev. Co.*, 15 B.R. 856, 858 (Bankr.E.D.Pa.1981) (same conclusion, citation to House and Senate Reports and to Congressional Record).

2. The criminal aspect of the state court proceeding should be enjoined. *See In re Redenbaugh*, 37 B.R. 383, 386 (Bankr.C.D. Ill.1984) (" 'There is no doubt that the filing of a petition in bankruptcy does not immunize a debtor from criminal prosecution. It is well established, however, that the Bankruptcy Court will not permit the State to use criminal prosecution for the sole purpose of collecting a debt dischargeable in bankruptcy, or to use law enforcement as a collection agency.' ")

## ORDER

IT IS ORDERED THAT John J. Hogan, his agents and employees, and all persons acting under his direction or authority be, and they thereby are, PERMANENTLY ENJOINED from continuing the Oneida County Circuit Court proceedings described in this Decision.

4. "Had the Prosecutor's office made extensive, subsequent investigation, it is difficult to believe that a criminal prosecution would have continued." *See In re Allman*, 43 B.R. 840, 847 (Bankr.D.Colo.1984). (In *Allman*, prosecution was not enjoined "because the Court received insufficient evidence as to the Prosecutor's investigation activities." *Id.* at 848. Here, there is sufficient evidence that DILHR's investigation did not reveal a criminal violation and that Mr. Hogan did not conduct an independent investigation of the Lincoln County District Attorney's charges.)