**In re John Wyatt INGLE, Debtor.**

**Algernon L. BUTLER, Jr., Trustee in Bankruptcy for John Wyatt Ingle, Plaintiff,**

**v.**

**John Wyatt INGLE, Defendant.**

**Bankruptcy No. 86–01651–SA7.**
**Adv. No. S–86–0209–AP.**

United States Bankruptcy Court,
E.D. North Carolina.

March 17, 1987.

Algernon L. Butler, Jr., Wilmington, N.C., for the Trustee.

John Wyatt Ingle, pro se.

## MEMORANDUM OPINION

A. THOMAS SMALL, Bankruptcy Judge.

The matter before the court is an objection to discharge brought by the debtor's chapter 7 trustee, Algernon L. Butler, Jr., pursuant to 11 U.S.C. § 727. The debtor has filed a motion to dismiss this adversary proceeding, the motion was denied prior to trial, and the trial was held in Raleigh, North Carolina, on February 24, 1987.

### JURISDICTION

This bankruptcy court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(J), which this court may hear and determine.

### FACTS

The debtor, John Wyatt Ingle, filed a voluntary petition under chapter 7 of the Bankruptcy Code on July 23, 1986. The trustee objects to the debtor's discharge on the grounds that the debtor transferred certain property he owned prior to the filing of the bankruptcy petition and that the debtor failed to list these transfers and other property he owned on the schedules and statement of financial affairs he filed with his petition. The only testimony introduced at trial was that of the debtor, appearing *pro se*, and that of the debtor's wife, Brenda Ingle, who operated a hair styling establishment known as Haircutters Alley. The court took judicial notice of the

debtor's petition, schedules, and statement of financial affairs.

The debtor, who owned and operated a retail jewelry store in Wilmington, North Carolina, testified that Mr. Howard Jones, a watchmaker, had worked with him at the debtor's store on a commission contract basis. Prior to the filing of the debtor's bankruptcy petition, when it was apparent that the debtor's jewelry store was going to fail, the debtor's wife leased store property at another location in Wilmington so that Mr. Jones could continue in his business. The debtor testified that Mr. Jones became Mrs. Ingle's employee, although no details of the financial arrangements between Mr. Jones and Mrs. Ingle were presented at trial.

Shortly before the debtor filed his bankruptcy petition, he arranged for the transfer of a number of items from his store to the new store which was leased by his wife and operated by Mr. Jones. The debtor testified that, after these items were taken to Mr. Jones' store, he (the debtor) had no further involvement with the operation of the new store. The debtor testified that he did not receive any consideration for the transfer of the property to the new store. He testified that the action of his wife in leasing the store for Mr. Jones and the subsequent transfer of the property to the new store were motivated out of "empathy" for Mr. Jones.

Among the items of property moved from the debtor's store to the new jewelry store was a jeweler's safe valued at approximately $5,000. The safe was not listed anywhere on the debtor's petition. After the filing of that petition, the trustee arranged a meeting with the debtor through the debtor's attorney to discuss property that was apparently missing from the debtor's store and which was not listed on the debtor's schedules. In his answer to the trustee's complaint, the debtor admits that, at this meeting held on July 31, 1986, he stated that the safe was removed and not listed on the petition because it was under a lease purchase agreement in the name of the debtor's wife, Brenda Ingle,

doing business as Haircutters Alley. The debtor testified that the lessor of the safe insisted that it be leased in Mrs. Ingle's name since she had an established business and the debtor's business was just getting started. The debtor acknowledged at trial that, in fact, he was a cosigner on the lease of the safe in which the lessee was designated as "John and Brenda Ingle d/b/a Hair Cutters Alley."

Mrs. Ingle testified that, prior to the filing of the bankruptcy petition, she gave a copy of the lease to the debtor's attorney at the time. The debtor testified that his attorney instructed him to remove from his store anything which did not belong to him. According to the debtor, his attorney told him the safe could be removed because his wife had made most of the payments and because it was leased in the name of her business. The attorney did not attend the adversary proceeding held on February 24, 1987.

The debtor admits that some loose stones which he owned were not removed from the safe that was taken to the new store. These stones, which the debtor testified were of nominal value, were not listed on the petition.

The debtor also admitted at trial that the following items, owned by the debtor, were transferred from his store to Mr. Jones' store and were not referred to in anyway on the petition: jewelry buffing machine, jeweler's repair bench, ultrasonic cleaner, electronic "pickle" pot, check protector, and jewelry scale. The debtor testified that his attorney told him these items could be removed because they were tools of the trade which constituted exempt property. The attorney did not indicate they needed to be listed on the petition. The debtor testified that he had purchased all of these items, in one package, for less than $1,000. At the time these items were removed, the debtor was no longer in the jewelry business and had no intention to reenter it.

The debtor also failed to list a sixteen foot boat, motor, and trailer which he owns. The debtor explained at trial that the boat was a Christmas gift from his

wife which he had not included in his petition because he did not know that she had titled the boat in his name.

In addition, the debtor's petition failed to refer to the sale for $52,000 of a house (not the debtor's residence) which had been titled in the name of the debtor and his wife. On his statement of financial affairs, the debtor answered "no" to the question of whether he had made any transfer of property outside the ordinary course of business in the year preceding the filing of the debtor's bankruptcy petition. The sale in question was concluded on April 25, 1986, less than three months before the bankruptcy. The debtor testified that he did not recall discussing the sale of the home with his attorney. According to the debtor, the proceeds from the sale had been used to pay off mortgages on the house and other debts of the debtor and his wife.

After the meeting of July 31, 1986, between the trustee and the debtor and his attorney, the debtor filed an amendment to his petition on August 29, 1986. The amendment added previously unlisted assets of the debtor including display cases valued at $1,250, a cash register valued at $250, counters valued at $200, and chairs valued at $200. The amendment did not refer to the debtor's boat, to the sale of the home, to the safe, or to the other items of equipment, noted earlier, which had been removed to the jewelry store operated by Mr. Jones.

The debtor denied having any improper intent, claiming that he was only following the advice of his attorney who had instructed him to remove any property from the store that did not belong to him. The debtor also testified that, after he dismissed his attorney, he has cooperated fully with the trustee and has turned over all property including items which the debtor believes actually belong to Mrs. Ingle. The trustee agreed that the debtor has made every effort to cooperate since the debtor's attorney was dismissed shortly after the filing of this adversary proceeding.

The court finds that, by failing to list in his petition the motor boat, display cases, cash register, counters and chairs (all owned by the debtor), the debtor acted knowingly and with the intent to defraud creditors. The court also finds that the debtor's failure to refer to the sale of real property was done knowingly and fraudulently.

## DISCUSSION AND CONCLUSIONS

One of the primary purposes of the bankruptcy act is to "relieve the honest debtor from the weight of oppressive indebtedness, and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes." This purpose of the act has been again and again emphasized by the courts as being of public as well as private interest, in that it gives to the honest but unfortunate debtor who surrenders for distribution the property which he owns ... a new opportunity in life and a clear field for future effort....

*Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934) (citations omitted).

The discharge provided in 11 U.S.C. § 727 "is the heart of the fresh start provisions of the bankruptcy law." H.R.Rep. No. 595, 95th Cong., 1st Sess. 384 (1977).

The solicitude of Congress, however, stops at the debtor who does not measure up to that appealing image ["honest but unfortunate debtor"] and who has engaged in grossly irresponsible or fraudulent conduct, has been recalcitrant during the case or has over-utilized the privilege.

Riesenfeld, *Creditors' Remedies and Debtors' Protection* 729 (3d ed. 1979).

11 U.S.C. § 727(a)(2) provides that a debtor is not entitled to a discharge if:

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition.

The intent of this section is to deny a discharge to a debtor who attempts to prevent the collection of his debts by concealing or disposing of assets. *In re Kessler,* 51 B.R. 895 (Bankr.D.Kan.1985).

■ Under 11 U.S.C. § 727(a)(4)(A), discharge is to be denied if "the debtor knowingly and fraudulently, in or in connection with the case ... made a false oath or account." The purpose of this section is to insure that debtors provide reliable information to those with an interest in the administration of the debtor's estate. *In re Shebel,* 54 B.R. 199, 202 (Bankr.D.Vt. 1985); *In re MacDonald,* 50 B.R. 255, 259 (Bankr.D.Mass.1985). Creditors are entitled to truthful statements in a debtor's statement of financial affairs so that they may conduct their own investigations of those affairs. *In re Cycle Accounting Services,* 43 B.R. 264, 272 (Bankr.E.D. Tenn.1984). A material omission from a debtor's sworn statement of affairs or schedules presents grounds for denying a discharge under 11 U.S.C. § 727(a)(4)(A). *In re Chalik,* 748 F.2d 616, 618 n. 3 (11th Cir.1984); *In re Bobroff,* 58 B.R. 950, 953 (Bankr.E.D.Pa.1986); *In re Cline,* 48 B.R. 581, 584 (Bankr.E.D.Tenn.1985).

■ In order to prevail under § 727(a)(2), the party objecting to the discharge must prove that the debtor acted with the intent to hinder, delay or defraud a creditor; similarly, a successful objection under § 727(a)(4) requires proof that the debtor acted knowingly and fraudulently. *Cycle Accounting Services,* 43 B.R. at 271, 273. For both § 727(a)(2) and (4), the court may infer from circumstantial evidence, including a pattern of concealment and nondisclosure, that the debtor acted with the necessary intent. *In re Adeeb,* 787 F.2d 1339, 1343 (9th Cir.1986); *Matter of*

*Brooks,* 58 B.R. 462 (Bankr.W.D.Pa.1986); *Cline,* 48 B.R. at 584; *In re Chimento,* 43 B.R. 401, 404 (Bankr.N.D.Ohio 1984). A reckless indifference to the truth is sufficient to constitute the requisite fraudulent intent for denying a discharge under section 727. *Bobroff,* 58 B.R. at 953; *Shebel,* 54 B.R. at 204.

■ Applying these standards, the court holds that the debtor's failure to list the sixteen foot boat he owned on his schedule of assets constitutes a fraudulent concealment of property under section 727(a)(2) and a knowing and fraudulent false oath under section 727(a)(4). Although the debtor testified generally that he was acting under the advice of counsel, he did not rely on that defense with respect to his failure to list the boat. Instead, he explained that he had assumed that his wife had titled the boat in her own name, rather than his name, when she purchased the boat for him as a Christmas gift. The debtor's failure to verify the ownership of a substantial asset such as the boat constitutes such a reckless indifference to the truth so as to satisfy the fraudulent intent requirements of § 727(a)(2) and (4). If a debtor is uncertain as to whether certain assets are legally required to be included in his petition, it is his duty to disclose the assets so that the question may be resolved. *In re Chambers,* 36 B.R. 791, 793 (Bankr.W.D.Ky.1984). Similarly, the debtor had a duty to disclose the existence of the boat so that its ownership could be determined.

■ The debtor's discharge is also denied because of his failure to list on his schedules or statement of financial affairs the fact that he sold real property for $52,000 approximately three months prior to filing his bankruptcy petition. In the statement of financial affairs signed by the debtor,[1] the debtor answered "no" when asked if he had made any transfer of property outside the ordinary course of business in the year preceding the bankruptcy.

---

1. The declaration signed by the debtor states that, under penalty of perjury, he had read the answers contained in the statement of financial affairs and that those answers were correct to the best of his knowledge.

The debtor did not claim to have acted on the advice of counsel in responding to this question; in fact, the debtor testified that, while he (the debtor) was aware of the sale at the time his petition was filed, he did not recall disclosing the sale to his attorney. In any event, the question which the debtor incorrectly answered did not require professional assistance in order to be answered truthfully. *In re Ailetcher*, 49 B.R. 681, 685 (Bankr.D.Haw.1985). The requirement that a false statement be knowingly and fraudulently made is satisfied for purposes of 11 U.S.C. § 727(a)(4) if the "debtor knows the truth and nonetheless wilfully and intentionally swears to what is false." *In re Cline*, 48 B.R. 581, 584 (Bankr.E.D. Tenn.1985). The debtor's justification for failing to list the real estate sale apparently is that the sale proceeds were used to pay off mortgages on the property and other debts. This is not a justification at all since the use of the sale proceeds may have constituted preferential transfers voidable by the trustee. The failure to disclose the sale might have prevented the trustee from learning of the potentially voidable transfers.

In *In re Cook*, 40 B.R. 903 (Bankr.N.D. Iowa 1984), the court denied the debtor's discharge pursuant to section 727(a)(4) because of the debtor's failure to disclose a $5,000 sale of real estate. The court held that the fraudulent intent requirement was satisfied when no adequate explanation was offered for not listing the transaction. The debtor's deliberate dishonesty was held to justify the denial of the discharge even if no detriment to creditors resulted from the debtor's falsehood. *See also In re Chalik*, 748 F.2d 616, 618 (11th Cir.1984). The successful administration of the Bankruptcy Code depends upon the honest disclosure by the debtor of his financial affairs. *Chalik*, 748 F.2d at 618. As in *Cook*, the debtor's deliberate omission of

the real estate sale from his bankruptcy petition warrants a denial of discharge in this case.

 The failure of the debtor to list display cases, a cash register, counters, and chairs in his original petition also presents grounds for denying the debtor's discharge under § 727(a)(2) and (4). In the debtor's amended petition, he acknowledged owning these items and valued them at $1,900. No explanation has been offered as to why these items were left off the original petition. The fact that the property in question is included in the debtor's amended petition does not excuse its original omission. *In re Shebel*, 54 B.R. 199, 203 (Bankr.D.Vt.1985); *In re Ailetcher*, 49 B.R. 681 (Bankr.D.Haw.1985); *In re George*, 9 B.R. 9, 10 (Bankr.S.D.Fla.1981). In view of the pattern of non-disclosure displayed by the debtor in this case, the court concludes that the debtor acted knowingly and with the intent to defraud creditors in failing to list these items.

 The debtor contends that his failure to list the jewelry safe and certain equipment he considered to be exempt "tools of the trade" [2] does not present grounds for denying his discharge because he was acting on advice of counsel. Some courts have held that reliance on the advice of counsel to whom all relevant facts have been disclosed will generally negate any inference of fraud which arises when a debtor fails to disclose assets. *See In re Morris*, 58 B.R. 422, 427 (Bankr.N.D.Tex. 1986); *In re Cycle Accounting Services*, 43 B.R. 264, 269–70 n. 7 (Bankr.E.D.Tenn. 1984). However, the debtor's reliance must be in good faith. *In re Adeeb*, 787 F.2d 1339, 1343 (9th Cir.1986). In other words, it is no defense if the debtor knew that the course of action suggested by his attorney was illegal. Although the court has serious doubts as to whether the debt-

**2.** It would not be a defense to a § 727(a)(4) objection to discharge that the equipment which the debtor omitted from his bankruptcy petition did, in fact, qualify for exemption as tools of the trade. The trustee and creditors have a right to know what property the debtor claims as exempt so that they may determine whether there is any basis for objecting to the claim. In this

case, for example, it could be argued that the equipment does not qualify as tools of the trade because the debtor was getting out of the jewelry business at the time he filed his petition. Of course, no such objection can be made if the trustee and creditors are unaware of the existence of the property considered to be exempt by the debtor.

or was relying in good faith on the advice of counsel when he moved the jewelry safe and other items of equipment to his former co-worker's new store and then failed to list them on his bankruptcy petition, the court need not resolve this issue. Sufficient grounds exist for denying the debtor's discharge based upon the other nondisclosures discussed previously which were not claimed by the debtor to be attributable to the advice of counsel.

A judgment denying the debtor's discharge shall be entered in accordance with this opinion.